## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SUNLESS, INC.,<br>                    Plaintiff,<br>     v.<br>PALM BEACH TAN, INC., AMERICAN TANNING, CO., ASHLEY LYNN'S INC., NORTH CENTRAL TAN, LLC, OLD TRINITY PARTNERS, LLC, and PACIFIC BEACH TAN, INC.,<br>                    Defendants. | Case No. 5:21-cv-00248-SO<br>(Consolidated with<br>Case No. 1:22-cv-00090) |
| PALM BEACH TAN, INC., AMERICAN TANNING, CO., ASHLEY LYNN'S INC., NORTH CENTRAL TAN, LLC, OLD TRINITY PARTNERS, LLC, and PACIFIC BEACH TAN, INC.,<br>                    Counter-Plaintiffs,<br>     v.<br>SUNLESS, INC.,<br>                    Counter-Defendant. | Hon. Solomon Oliver, Jr.<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT EVIDENCE AND
MOTION TO STRIKE STATEMENTS THAT PLAINTIFF RELIED ON IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Palm Beach Tan, Inc. ("Palm Beach Tan"), Palm Beach Tan Franchising, Inc., American Tanning Co., Ashley Lynn's Inc., North Central Tan, LLC, Old Trinity Partners, LLC, and Pacific Beach Tan, Inc.'s (collectively, "Defendants") object to certain exhibits attached to Plaintiff Sunless, Inc.'s ("Sunless") Opposition to Defendants' Partial (sic) Motion for Summary Judgment (the "Opposition") (ECF 215 and 216). Sunless' exhibits are inadmissible and the Court should not consider them in connection with Sunless' Opposition.

Defendants also object to certain statements in Sunless' "Statement of Facts" in its Opposition, and request that the Court strike those statements.

A. **Defendants' Evidentiary Objections to Sunless' Summary Judgment Opposition Evidence**

1. **Objections to Specific Exhibits that Sunless Relied Upon**

**Exhibit GG:** Exhibit GG is unsigned purchase orders that Sunless issued to Palm Beach Tan-related entities. Defendants object to these purchase orders as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit KKK:** Exhibit KKK is an email chain originating with an internal email between two Sunless employees (Jill Frank and Rebecca Cabral), in which Ms. Cabral is relaying information she received during a telephone call with a third party. Defendants object to Exhibit KKK as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit KKKK:** Exhibit KKKK is a message dated March 9, 2020 from a purported Palm Beach Tan customer. Defendants object to this message as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit LL:** Exhibit LL is a document titled "Equipment Sale Checklist" with multiple attachments, including Sunless invoices and unsigned purchase orders. Defendants object to Exhibit LL as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit LLLL:** Exhibit LLLL is a message dated March 1, 2020 from a purported Palm Beach Tan customer. Defendants object to this message as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit MMM:** Exhibit MMM is excerpts from the deposition testimony of Jennifer Myllymaki, a former Palm Beach Tan customer. Sunless cites pages/lines 55:9-64:19 and contends that this excerpt describes Palm Beach Tan staff's reluctance to explain which solution was being

used in the salon. Exhibit MMM does not contain page 55 of the deposition transcript. Defendants object to this testimony as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

In addition, Sunless relies on statements from an unreliable witness (Ex. MMM, Myllymaki Dep.) who refused to answer questions related to her credibility as a witness, including regarding convictions for multiple felonies related to driving under the influence of alcohol.

**Exhibit MMMM:** Exhibit MMMM is a message dated December 20, 2021 from a purported Palm Beach Tan customer. Defendants object to Exhibit MMMM as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit NNNN:** Exhibit NNNN is a message dated March 16, 2020 from a purported Palm Beach Tan customer. Defendants object to Exhibit NNNN as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit OOOO:** Exhibit OOOO is an undated message from a purported Palm Beach Tan customer. Defendants object to Exhibit OOOO as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit PPPP:** Exhibit PPPP is a message dated March 16, 2020 from a purported Palm Beach Tan customer. Defendants object to Exhibit PPPP as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit RRRR:** Exhibit RRRR is a message dated February 28, 2020 from a purported Palm Beach Tan customer. Defendants object to Exhibit RRRR as impermissible hearsay (Fed. R. Evid. 802); for lack of foundation (Fed. R. Evid. 602); and as irrelevant (Fed. R. Evid. 401).

**Exhibit UUU:** Exhibit UUU is an email chain between a non-defendant Palm Beach Tan franchisee's employees. Sunless cites Exhibit UUU for various statements contained therein, including ████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████ Defendants object to this testimony as impermissible hearsay (Fed. R. Evid. 802); and for lack of foundation (Fed. R. Evid. 602).

**Exhibit YYY:** Exhibit YYY is the Rebuttal Expert Report of Plaintiff's Expert John G. Plumpe. Defendants object to Exhibit YYY as impermissible hearsay (Fed. R. Evid. 802); and for lack of foundation (Fed. R. Evid. 602). Specifically, Sunless cites paragraphs 205-216, which are impermissible hearsay. Federal Rule of Evidence 703 was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to testify based on hearsay.

### 2.     Objections to Sunless' Evidence Based on Lack of Relevance

As discussed in Defendants' Reply at 8, there are two relevant inquires related to Defendants' Motion for Partial Summary Judgment: (1) whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks (as defined in Defendants' Reply In Support of Defendants' Motion for Partial Summary Judgment, filed concurrently herewith); and (2) if the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks, whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Neither inquiry requires the Court to consider Sunless' argument and explanation of disputed facts. Any exhibits related to these inquiries are irrelevant to the Court's consideration of Defendants' Motion for Partial Summary Judgment.

In addition to the objections set forth above, Defendants object to Sunless' exhibits as follows:

**Exhibit F:** Exhibit F is excerpts from the deposition of Steven C. Cooper.  The testimony that Sunless relies upon relates to Sunless' allegations about the design of the Kyss Booths.  This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of

infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit F as irrelevant under Fed. R. Evid. 401.

**Exhibit H:** Exhibit H is excerpts from the deposition of Eric Hall. The testimony that Sunless relies upon relates to the advertisement and display of the Mystic Tan marks. This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit H as irrelevant under Fed. R. Evid. 401.

**Exhibit I:** Exhibit I is a set of social media posts from Palm Beach Tan's Instagram page (SUN000029897-907). The information contained in the posts is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit I as irrelevant under Fed. R. Evid. 401.

**Exhibit J:** Exhibit J contains excerpts from the Rule 30(b)(6) deposition of Archer Malmo LLC. The testimony that Sunless relies upon relates to the advertisement and display of the Mystic Tan marks. This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit J as irrelevant under Fed. R. Evid. 401.

**Exhibit K:** Exhibit K is a Palm Beach Tan promotional document (ARCHERMALMO-000072). This document is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit K as irrelevant under Fed. R. Evid. 401.

**Exhibit L:** Exhibit L is a Palm Beach Tan promotional document (ARCHERMALMO-000075). This document is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit L as irrelevant under Fed. R. Evid. 401.

**Exhibit M:** Exhibit M is a document titled "Customize Your Tan" (FRAN_0000754). This document is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit M as irrelevant under Fed. R. Evid. 401.

**Exhibit N:** Exhibit N Exhibit M is document titled "Time to Try a Spray Tan"(FRAN_000757). This document is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit N as irrelevant under Fed. R. Evid. 401.

**Exhibit BB:** Exhibit BB is  excerpts from the deposition of Roy Sneed related to purported modifications to Defendants' Kyss Booths and use of non-Mystic Tan solution in Defendants' Kyss Booths.  This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit BB as irrelevant under Fed. R. Evid. 401.

**Exhibit III:** Exhibit III is an email from Scott Singh to Diane Lucas dated July 27, 2020 related to a customer complaint. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the

trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit III as irrelevant under Fed. R. Evid. 401.

**Exhibit MM:** Exhibit MM is excerpts from the Rule 30(b)(6) deposition of Ashley Lynn's, Inc. The testimony Sunless relies on relates to the use of non-Mystic Tan spray tan solution in Defendants' Kyss Booths.  This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit MM as irrelevant under Fed. R. Evid. 401.

**Exhibit OO**: Exhibit OO is an email from Ray Harigill to Diane Lucas and Tom Barzizza dated January 13, 2020 regarding a new brand position for Palm Beach Tan.  This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit OO as irrelevant under Fed. R. Evid. 401.

**Exhibit PP:** Exhibit PP is excerpts of the Rule 30(b)(6) deposition of Sunless, Inc. The testimony that Sunless relies upon relates to the use of non-Mystic Tan spray tan solution in Defendants' Kyss Booths.  This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit PP as irrelevant under Fed. R. Evid. 401.

**Exhibit RR:** Exhibit RR is a memorandum dated January 30, 2020 that Roy Sneed, Vice President, Franchising sent to the Palm Beach Tan Franchise Community regarding the use of non-Mystic Tan spray tan solution in Defendants' Kyss Booths.  This document is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether

Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit RR as irrelevant under Fed. R. Evid. 401.

**Exhibit TT:** Exhibit TT is an internal Palm Beach Tan email dated February 11, 2020 related to purported modifications to Defendants' Mystic Kyss Booths.  This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit TT as irrelevant under Fed. R. Evid. 401.

**Exhibit UU:** Exhibit UU is an internal Palm Beach Tan email dated March 4, 2021 related to purported modifications to Defendants' Kyss Booths. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit UU as irrelevant under Fed. R. Evid. 401.

**Exhibit VV**: Exhibit VV is an email dated March 11, 2020 between Diane Lucas and Susan Copperman related to purported modifications to Defendants' Kyss Booths. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit VV as irrelevant under Fed. R. Evid. 401.

**Exhibit XX**: Exhibit XX is an email between Mandy Henrikson and Blake Costello related to a Franchisee Committee meeting. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies.  Defendants object to Exhibit XX as irrelevant under Fed. R. Evid. 401.

**Exhibit YY**: Exhibit YY is an email between Roy Sneed and Mark Shock (non-Defendant franchisee) about the use of non-Mystic Tan spray tan solution in his Kyss Booths. This email is not

relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit YY as irrelevant under Fed. R. Evid. 401.

**Exhibit ZZ:** Exhibit ZZ is an internal Palm Beach Tan email about Palm Beach Tan and its franchisees' orders of Mystic Tan products from Sunless.  This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit ZZ as irrelevant under Fed. R. Evid. 401.

**Exhibit AAA:** Exhibit AAA is an internal Palm Beach Tan email dated March 7, 2020 about a part for a Kyss Booth in a Palm Beach Tan salon. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit AAA as irrelevant under Fed. R. Evid. 401.

**Exhibit BBB:** Exhibit BBB is an internal North Central Tan email dated March 8, 2021 regarding a document titled MSP011 Tour 2021.  This email and the document attached to the email are not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit BBB as irrelevant under Fed. R. Evid. 401.

**Exhibit CCC**: Exhibit CCC is an email from a Palm Beach Tan customer dated March 27, 2021 related to a complaint.  This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit CCC as irrelevant under Fed. R. Evid. 401.

**Exhibit DDD:** Exhibit DDD is an internal Palm Beach Tan email related to purported modifications to Palm Beach Tan's Kyss Booths. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit DDD as irrelevant under Fed. R. Evid. 401.

**Exhibit EEE**: Exhibit EEE is excerpts from the Rule 30(b)(6) deposition of New Sunshine, LLC. The testimony that Sunless relies upon relates to alleged issues with spray tan solution that New Sunshine manufactured for use in Defendants' Kyss Booths. This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit EEE as irrelevant under Fed. R. Evid. 401.

**Exhibit FFF:** Exhibit FFF is an email between Diane Lucas and Chris Shaffer (New Sunshine) regarding customer complaints. This testimony is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit FFF as irrelevant under Fed. R. Evid. 401.

**Exhibit GGG:** Exhibit GGG is message from a purported Palm Beach Tan customer dated September 19, 2022 related to complaints. This message is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit GGG as irrelevant under Fed. R. Evid. 401.

**Exhibit HHH:** Exhibit HHH is an email between Monica Harrigill (non-defendant franchisee) and Mandy Henrikson (Pacific Beach Tan) about a customer complaint. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the

Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit HHH as irrelevant under Fed. R. Evid. 401.

**Exhibit JJJ:** Exhibit JJJ is an internal American Tanning Co. email dated September 2, 2020 regarding customer complaints.  This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit JJJ as irrelevant under Fed. R. Evid. 401.

**Exhibit LLL**: Exhibit LLL is an email from Scott Singh (American Tanning, Inc.) to Diane Lucas dated May 8, 2020 regarding customer complaints.  This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit LLL as irrelevant under Fed. R. Evid. 401.

**Exhibit NNN:** Exhibit NNN is an internal Palm Beach Tan memorandum dated February 19, 2021 related to Palm Beach Tan's private labeling. This memorandum is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit NNN as irrelevant under Fed. R. Evid. 401.

**Exhibit OOO**: Exhibit OOO is an internal North Central Tan email dated October 24, 2022 related to removal of Mystic marks from Defendant North Central Tan's Kyss Booths. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit OOO as irrelevant under Fed. R. Evid. 401.

**Exhibit PPP:** Exhibit PPP is an internal Palm Beach Tan email dated May 14, 2021 regarding purported modifications to Palm Beach Tan's Kyss Booths. This email is not relevant to

whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit PPP as irrelevant under Fed. R. Evid. 401.

**Exhibit QQQ:** Exhibit QQQ is an internal Palm Beach Tan email dated August 15, 2020 regarding purported modifications to Palm Beach Tan's Kyss Booths. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit QQQ as irrelevant under Fed. R. Evid. 401.

**Exhibit RRR**: Exhibit RRR is an internal Palm Beach Tan email dated February 20, 2020 regarding purported modifications to Palm Beach Tan's Kyss Booths. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit RRR as irrelevant under Fed. R. Evid. 401.

**Exhibit SSS**: Exhibit SSS is an internal Palm Beach Tan email dated February 20, 2020 regarding purported modifications to Palm Beach Tan's Kyss Booths. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit SSS as irrelevant under Fed. R. Evid. 401.

**Exhibit TTT:** Exhibit TTT is an email between Ryan Christian (Palm Beach Tan Franchising) and Heather Konynenbelt (non-defendant franchisee) regarding use of non-Mystic Tan spray tan solution in the non-defendant franchisee's Kyss Booth. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit TTT as irrelevant under Fed. R. Evid. 401.

**Exhibit VVV**: Exhibit VVV is an email from Ashley Wottring (New Sunshine) to Diane Lucas and Adrianna Christian (Palm Beach Tan) regarding a development timeline for spray tan solution for use in Defendants' Kyss Booths.  This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit VVV as irrelevant under Fed. R. Evid. 401.

**Exhibit WWW:** Exhibit WWW is an email from Susan Copperman to Diane Lucas dated December 29, 2020 related to ███████████████████████████████████████ ███████████████████████████████ This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit WWW as irrelevant under Fed. R. Evid. 401.

**Exhibit XXX**: Exhibit XXX is an email from Diane Lucas to Susan Copperman dated January 12, 2021 responding to ███████████████████████████████████████ ████████████████████████████. This email is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit XXX as irrelevant under Fed. R. Evid. 401.

**Exhibit SSSS:** Exhibit SSSS is a screenshot of Palm Beach Tan's website showing pricing for Palm Beach Tan's spray tanning services.  This document is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit SSSS as irrelevant under Fed. R. Evid. 401.

**Exhibit TTTT**: Exhibit TTTT is a screenshot of Palm Beach Tan's website showing pricing for Palm Beach Tan's spray tanning services. This document is not relevant to whether the First Sale Doctrine applies to Sunless' claims of infringement of the Goods Marks or whether Defendants resold the trademarked goods such that an exception to the First Sale Doctrine applies. Defendants object to Exhibit TTTT as irrelevant under Fed. R. Evid. 401.

**B.** **Defendants' Objections to Sunless' "Statement of Facts" and Motion to Strike Unsupported and Improper Statements**

Federal Rule of Civil Procedure 56(c)(1) requires the citation of material in the record for statements of facts. *See M.J. by & through S.J. v. Akron City Sch. Dist. Bd. of Educ.,* 1 F.4th 436, 445-46 (6th Cir. 2021) (must identify materials in the record showing no genuine dispute of fact by pointing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials.") Sunless has failed to cite materials in the record in support of the following statements in Sunless' "Statement of Facts" in its Opposition:

**Statement No. 4:** **"Sunless designed the Mystic Tan® Booths to ensure customer satisfaction with the quality and consistency of the services and tans they received, because consistency and quality are important to consumers. See WCL Decl. Ex. F, March 23, 2023 Steven Cooper Dep. 97:9-18 ("The watchwords of this booth were simple, reliable, durable, consistent."); 335:12- 336:9."**

Sunless cites Exhibit F in support of Statement No. 4. Exhibit F is an excerpt from the testimony of a former Sunless employee, Steven Cooper. The testimony that Sunless cited in Exhibit Z does not support or even address the statement in Sunless' Statement No. 4 that "consistency and quality are important to consumers."

Sunless' Statement No. 4 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 8:**   **"Sunless gives purchasers of its Mystic Tan® Booths a limited right to use its Mystic Tan® Trademarks for marketing and advertising purposes ("Limited License") since at least 2016. See e.g., WCL Decl. Ex. O (Dep. Ex. 275, at FRAN_0000780); WCL Decl. Ex. P (Dep. Ex. 502, at SUN000108002.); WCL Decl. Ex. Q (Dep. Ex. 454, at PBT_0157021)."**

Sunless cites Exhibits O, P and Q in support of Statement No. 8, which contain Kyss Booth purchase orders from 2016, 2018 and 2019. Exhibits O, P and Q do not support Statement No. 8. Exhibits O, P and Q refer to "terminat[ing]" a "limited right" to use the Mystic Tan Trademarks, but nowhere within Exhibits O, P and Q is there an express grant or provision of a "limited right" to use the Mystic Tan trademarks, as stated in Statement No. 8.

In addition, Exhibits O, P and Q do not support Statement No. 8 to the extent that Sunless contends that Sunless gives purchasers of its Mystic Tan® booths who do not sign a purchase order a limited right to use Sunless' Mystic Tan® Trademarks.

Statement No. 8 is also an improper conclusory statement that Sunless' counsel made regarding an ultimate issue in this case, *i.e.*, contract interpretation and license grant. Conclusory statements by counsel do not create a genuine issue of material fact. *Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed. Cir. 1998); *see also Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974) (party may not establish issues of fact merely by offering conclusory and unsupported statements); *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (plaintiff may not rely on conclusory evidence to proceed past summary judgment stage).

Sunless' Statement No. 8 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 9:**   **"Sunless provides the Limited License subject to conditions, including the below term. WCL Decl. Ex. R, at FRAN_0000194. [Image].**

Sunless cites Exhibit R in support of Statement No. 9, which contains a Kyss Booth purchase order from 2018. Sunless further includes an excerpt from Exhibit R. Neither Exhibit R nor the

15

excerpt support Statement No. 9. The excerpt from Exhibit R refers to "terminat[ing]" a "limited right" to use the Mystic Tan Trademarks, but nowhere in Exhibit R is there an express grant or provision of a "limited right" to use the Mystic Tan trademarks, as stated in Statement No. 9 – "Sunless **provides** the Limited License subject to conditions…"

Statement No. 9 is also an improper conclusory statement that Sunless' counsel made regarding an ultimate issue in this case, *i.e.,* contract interpretation and license grant. Conclusory statements by counsel do not create a genuine issue of material fact. *Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed. Cir. 1998); *see also Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974) (party may not establish issues of fact merely by offering conclusory and unsupported statements); *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (plaintiff may not rely on conclusory evidence to proceed past summary judgment stage).

Sunless' Statement No. 9 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 16:** **"As of 2020, this language was revised to specifically highlight that Franchisees and non-defendant franchisees must cease using Mystic Tan® Trademarks upon use of an unapproved solution. See e.g., WCL Decl. Ex. FF (FRAN_0007409; FRAN_0007413; FRAN_0007417) (July 2020 unsigned purchase orders for Mystic Tan® Booth purchased by North Central Tan, LLC)); WCL Decl. Ex. GG (PBT_0156907) (unsigned purchase order for Mystic Tan® Booth in July 2020 for PBT location in York, PA run by Bansi Capital)"**

Sunless cites Exhibits FF and GG in support of Statement No. 16. Exhibits FF and GG are unsigned purchase orders addressed to Franchisee Defendant North Central Tan and non-defendant franchisees. Sunless purports to use these unsigned purchase orders to support its statement "that Franchisees and non-defendant franchisees must cease using Mystic Tan® Trademarks upon use of an unapproved solution." The Palm Beach Tan-related entities (Defendants and non-defendants) that allegedly received these purchase orders never signed the purchase orders and never agreed to

such terms in the purchase orders. Thus, the purchase orders contained in Exhibits FF and GG do not obligate the Palm Beach Tan-related entities to do anything.

Statement No. 16 is also irrelevant because Sunless' tortious interference claim only arises from 2019 purchase orders with which Palm Beach Tan allegedly interfered in 2019. Therefore,  the terms of subsequent 2020 purchase orders are not at issue.

Sunless' Statement No. 16 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 17:**



Sunless cites Exhibit HH in support of Statement No. 17. Exhibit HH is an email from Sunless employee Jill Frank. Nowhere in Exhibit HH does it establish that ██████████ ██████████████████████████████████████████████ as set forth in Statement No. 17. The email in Exhibit HH specifically refers to the "Warranty and Parts Protection Program" portion of the attached purchase order, and no individual from Palm Beach Tan indicated any awareness of other terms contained in the purchase order. Nothing in Exhibit H establishes Sunless' Statement No. 17 as an undisputed fact.

Sunless' Statement No. 17 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 23:** **"The switch was not driven by the quality of Sunless' products, but PBT's costs concerns and their desire to insulate themselves from competition with gyms installing Sunless' spray tanning systems. See WCL Decl. Ex. MM, September 13, 2023 Ashley Lynn's Dep. 303:2- 15 (testifying that PBT Solution has always been cheaper that Mystic Tan® Solution); WCL Decl. Ex. NN (Dep. Ex. 403)** ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████"

Sunless cites Exhibits MM and NN in support of Statement No. 23. Exhibits MM is an excerpt from the deposition testimony of Ashley Lynn's corporate representative, and Exhibit NN is a memorandum of a telephone call. The testimony and memorandum that Sunless cites in Exhibits MM and NN do not support or even address the statement in Sunless' Statement No. 23 that "[t]he switch was not driven by the quality of Sunless' products."

Sunless' Statement No. 23 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 32:** **"The purchase orders signed by Franchisees include terms about permitting diagnostic information to be transmitted to Sunless under both older and revised versions of the purchase orders signed by Franchisees (see e.g., WCL Decl. Exs. DD, EE (Dep. Exs. 209-10) (2018 purchase order stating "MT Connect Purchaser agrees to permit the secure transmission of operational information from their Mystic Tan Kyss™ Machine to Seller's secure computer servers. The location must have Ethernet or Wi-Fi internet connection to use this feature. Wi-Fi is needed for email alerts, remote monitoring and direct-to-tech communication features.") (WCL Decl. Ex. FF (FRAN_0007409; FRAN_0007413; FRAN_0007417) (2020 purchase orders stating "Machine must maintain internet connection at all times to enable transmission of service codes and other operational information from machine to Seller's computer servers.")."**

Sunless cites Exhibits DD, EE and FF (which are Kyss Booth purchase orders) in support of Statement No. 32. Exhibit FF are unsigned purchase orders from 2020. Sunless purports to use the unsigned purchase orders from 2020 in Exhibit FF to support the statement that "the purchase orders **signed by Franchisees** include terms about permitting diagnostic information to be transmitted to Sunless under both older **and revised versions** of the purchase orders signed by Franchisees." (emphasis added). Exhibit FF does not support Statement No. 32.

Portions of Statement No. 32 are also irrelevant because Sunless' tortious interference claim only arises from 2019 purchase orders with which Palm Beach Tan allegedly interfered in 2019. Therefore, 2020 purchase orders are not at issue.

Sunless' Statement No. 32 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 33:** **"In January 2020, PBT was aware that Defendants could not continue to use Mystic Tan® Trademarks. See WCL Decl. Ex. WW (Dep. Ex. 411) (PBT CEO Diane Lucas asks,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Sunless cites Exhibit WW in support of Statement No. 33. Exhibit WW is an email chain between Palm Beach Tan employees. The email does not support Sunless' Statement No. 33. Statement No. 33 is an improper conclusory statement that Sunless' counsel made regarding an ultimate issue in this case (whether Defendants could continue to use Mystic Tan® Trademarks, *i.e.,* trademark infringement). Conclusory statements by counsel do not create a genuine issue of material fact. *Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed. Cir. 1998); *see also Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974) (party may not establish issues of fact merely by offering conclusory and unsupported statements); *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (plaintiff may not rely on conclusory evidence to proceed past summary judgment stage).

Sunless' Statement No. 33 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 40:** **"Because Defendants continued using Mystic Tan® Trademarks, consumers visiting PBT salons were confused about the changes. See, e.g., WCL Decl. Ex. CCC (Dep. Ex. 433** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████

Sunless cites Exhibit CCC in support of Statement No. 40. Exhibit CCC does not support the contention in Statement No. 40 that ██████████████████████████████ ████████  To the contrary, the excerpt of the March 27, 2021 consumer complaint ████████ ████████████████████████████████████████████████ ██████████

The consumer complaint is also inadmissible hearsay under Federal Rule of Evidence 802.

Statement No. 40 is also an improper conclusory statement that Sunless' counsel made regarding an ultimate issue in this case (trademark infringement or consumer confusion). Conclusory statements by counsel do not create a genuine issue of material fact. *Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed. Cir. 1998); *see also Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974) (party may not establish issues of fact merely by offering conclusory and unsupported statements); *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (plaintiff may not rely on conclusory evidence to proceed past summary judgment stage).

Sunless' Statement No. 40 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 41:**



**WCL Decl. Ex. B, Christian Dep. 130:8-11; 209:25-210:10; 185:4-18; 250:9-251:7; WCL Decl. Ex. A, Lucas Dep. 161:11-22; see also WCL Decl. Ex. DDD (Dep. Ex. 405** ██████████████████████████ **see also id. (PBT salons instructed their employees** ███████████████████████████████████ ███████████████████████████████ **"**

Sunless cites Exhibits A, B and DDD in support of Statement No. 41. None of Exhibits A, B, and DDD support or even address the statement in Sunless' Statement No. 41 that ███████████ ████████████████████████████████████████████████████████████████" (emphasis added). At most, Exhibits A, B and DDD refer to the reference to Palm Beach Tan's Kyss Booths as Mystic Tan, *i.e.*, a spray tanning good/product.

Sunless' Statement No. 41 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 42:** ███████████████████████████████████████████████ **See WCL Decl. Ex. EEE, February 1, 2023 New Sunshine LLC 30(b)(6) (Wottring) Dep. 177:7-179:4** ███████████████████████████████████████████████████"

Sunless cites Exhibit EEE (which is an excerpt of the deposition testimony of the corporate representative  for New Sunshine LLC, Ashley Wottring) in support of Statement No. 42. The excerpted portion of Ms. Wottring's deposition in Exhibit EEE does not support Statement No. 41. Exhibit EEE makes no reference ████████████████████████████████████████████ ███████████████████████

Sunless' Statement No. 42 is unsupported by the record and the Court should strike the statement and not consider it in connection with Sunless' Opposition.

**Statement No. 47:** **"When consumers had** ████████████████████████, **this intensified Defendants' desire to keep** ████████████████ **undisclosed. WCL Decl. Ex. LLL (Dep. Ex. 507 (in addition to providing a lot number** ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ █████████████████████████████████: **WCL Decl. Ex. MMM, Myllymaki Dep. 55:9-64:19** ████████████████████████"

Sunless cites Exhibits LLL and MMM in support of Statement No. 47. Exhibit LLL is an internal email chain between Palm Beach Tan and Palm Beach Tan franchisees. Exhibit MMM is an excerpt from the testimony of a former Palm Beach Tan customer, Jennifer Myllymaki. The testimony and document that Sunless cites do not support or even address the statement in Sunless' Statement No. 47 regarding ███████████████████████████████████ Nothing in Exhibits LLL or MMM refers to Defendants' desires or intentions whatsoever.

In addition, Sunless relies on statements from an unreliable witness (Ex. MMM, Myllymaki Dep.) who refused to answer questions related to her credibility as a witness, including regarding convictions for multiple felonies related to driving under the influence of alcohol.

Sunless' Statement No. 47 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

**Statement No. 53:** 

WCL Decl. Ex. WWW (Dep. Ex. 178), XXX (Dep. Ex. 179)."

Sunless cites Exhibits WWW and XXX in support of Statement No. 53. Exhibits WWW and XXX contain email correspondence between Diane Lucas (Palm Beach Tan's CEO) and Susan Copperman (Sunless' former CEO). Sunless' statement in Statement No. 53 is an incomplete recitation of Ms. Lucas' correspondence, wherein she stated that Palm Beach Tan ███████████ ██████████████████████████████████████████████ (emphasis added). Sunless filed this action for trademark infringement against Palm Beach Tan and the Franchisee Defendants **before** that month end.

Sunless' Statement No. 53 is unsupported by the record and the Court should strike the Statement and not consider it in connection with Sunless' Opposition.

Based on the foregoing, the Court should strike Statements numbered 4, 8, 9, 16, 17, 23, 32, 33, 40, 41, 42, 47 and 53 in Sunless' "Statement of Facts" of Sunless' Opposition from the summary judgment record.

Respectfully submitted,

/s/Lisa H. Meyerhoff
Lisa H. Meyerhoff (Admitted *Pro Hac Vice*)
Email: Lmeyerhoff@seyfarth.com
Emma C. Mata (Admitted *Pro Hac Vice*)
Email: Emata@seyfarth.com
SEYFARTH SHAW LLP
700 Milam St., Suite 1400
Houston, Texas 77002
Phone: 713 2252300
Fax: 713 225 2340

John F. Marsh (0065345)
Email: jmarsh@baileycav.com
Elizabeth E. Cary (0090241)
Email: ecary@baileycav.com
BAILEY CAVALIER LLC
10 W. Broad Street, Suite 2100
Columbus, Ohio 43215
Phone: 614 221 3155
Fax: 614 221 0479

Brandon L. Bigelow (Admitted *Pro Hac Vice*)
Email: Bbigelow@seyfarth.com
Lisa K. Haines (Admitted *Pro Hac Vice*)
Email: Lhaines@seyfarth.com
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Phone: 617 946 4800

Vincent M. Smolczynski (Admitted *Pro Hac Vice*)
Email: Vsmolczynski@seyfarth.com
SEYFARTH SHAW LLP
121 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Phone: 704 925 6060
Fax: 312 460 7532

ATTORNEYS FOR DEFENDANTS PALM
BEACH TAN, INC., AMERICAN TANNING, CO.,
ASHLEY LYNN'S INC., NORTH CENTRAL
TAN, LLC, OLD TRINITY PARTNERS, LLC,
PACIFIC BEACH TAN, INC., and PALM BEACH
TAN FRANCHISING, INC.

## CERTIFICATE OF SERVICE

I certify that, on May 29, 2024, a true and correct copy of the foregoing "Defendants' Evidentiary Objections to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment Evidence and Motion to Strike Statements that Plaintiff Relied on in Support of its Opposition to Defendants' Motion for Partial Summary Judgment" was filed with the Clerk of Court for the U.S. District Court, Northern District of Ohio, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record for Plaintiff who have consented in writing to accept this Notice as service of this document by electronic means:

Stephen E. Chappelear (Email: sechappelear@eastmansmith.com)
EASTMAN & SMITH LTD.
100 E. Broad Street, Suite 2100
Columbus, OH 43215

Marcella Ballard (Email: mballard@venable.com)
Maria R. Sinatra (Email: mrsinatra@venable.com)
Gianna E. Cricco-Lizza (Email: gecricco-lizza@venable.com)
Leonard L. Gordon (Email: llgordon@venable.com)
William C. Lawrence (Email: wclawrence@venable.com)
Sara R. Krastins (Email: srkrastins@venable.com)
VENABLE LLP
151 W. 42nd Street, 49th Floor
New York, NY 10036

*/s/Lisa H. Meyerhoff*
Lisa H. Meyerhoff